An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1058
NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

STATE OF NORTH CAROLINA

v.                                  Haywood County
                                    Nos. 12CRS052488
                                         12CRS001115

CHAD NATHAN BENNETT


Appeal by Defendant from judgment entered 13 February 2013 by Judge F. Lane Williamson in Haywood County Superior Court. Heard in the Court of Appeals 19 February 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Anne G. Kirby, for the State.*

> *Marie H. Mobley, for Defendant.*


DILLON, Judge.


Chad Nathan Bennett ("Defendant") appeals from judgment entered 13 February 2013 upon his convictions by a jury of robbery with a dangerous weapon and his admission of having attained the status of habitual felon. Defendant's sole argument on appeal is that the trial court committed plain error by instructing the jury that the knife used by Defendant during

the robbery in this case was, *per se*, a dangerous weapon. We conclude Defendant had a fair trial, free from reversible error.

The evidence of record tends to show the following: On 11 July 2012, at approximately 3:30 a.m., Darrin Shane Rich arrived at the Hardee's in Canton, North Carolina, where he was employed. After exiting his vehicle, Mr. Rich saw Defendant approaching with what appeared to Mr. Rich to be a knife in Defendant's hand and asking Mr. Rich to give him his wallet. Mr. Rich testified that he saw "the shimmer or reflection of light off the blade[,]" and became "scared" of "what could potentially happen." Mr. Rich elaborated: "[G]etting hurt, or in the situation, [I] could lose my life." Defendant grabbed Mr. Rich's wallet from him and "took off running up the street." Mr. Rich called 9-1-1 and reported that his wallet was stolen "at knifepoint[.]"

A few days later, Mr. Rich picked Defendant out of a line-up, identifying him as the perpetrator of the robbery. The knife was never found. Defendant was indicted on charges of robbery with a dangerous weapon and of having attained the status of habitual felon. Defendant did not testify at trial. The jury found Defendant guilty of robbery with a dangerous weapon, and Defendant pled guilty to having attained the status

of habitual felon. The trial court entered a judgment consistent with the foregoing, sentencing Defendant to 115 to 150 months incarceration.

As a preliminary matter, Defendant did not give notice of appeal in open court following his sentencing. However, it appears that Defendant gave *pro se* written notice of appeal from the above judgments, which was filed on 20 February 2013. North Carolina Rule of Appellate Procedure 4(a)(2) states that if a defendant does not give oral notice of appeal, he may also take appeal by "filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of judgment or order[.]" N.C.R. App. P. 4(a)(2). Subsection (b) of Rule 4 also requires that the notice of appeal include the names of the parties, the judgment from which appeal is being taken, the Court appealed from, and signature from counsel or the party not represented by counsel. N.C.R. App. P. 4(b). Even though Defendant's written notice of appeal was filed within fourteen days of his judgment, included the name of the parties, the judgment appealed from, and his signature, there is no indication that he served copies on the adverse party, the Haywood County District Attorney, or included the Court he was appealing from. Therefore, the notice is

deficient. "[W]hen a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal." *State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 321 (2005). However, Defendant filed a petition for writ of *certiorari* on 25 October 2013. Given the *pro se* nature of Defendant's notice of appeal and its substantial compliance with Rule 4, we allow Defendant's petition for writ of *certiorari* and address the merits of his appeal.

## I: Jury Instruction; Plain Error

In Defendant's sole argument on appeal, he contends the trial court committed plain error by instructing the jury that the knife in this case was, *per se*, a dangerous weapon. We disagree.

"[W]here the alleged deadly weapon and the manner of its use are of such character as to admit of but one conclusion, the question as to whether or not it is deadly . . . *is one of law, and the Court must take the responsibility of so declaring*." *State v. Torain*, 316 N.C. 111, 119, 340 S.E.2d 465, 470, *cert denied*, 479 U.S. 836, 93 L. Ed. 2d 77 (1986) (citations and quotation marks omitted) (emphasis in original). Only "where the instrument, according to the manner of its use or the part of the body at which the blow is aimed, may or may not be likely

to produce such results, its allegedly deadly character is one of fact to be determined by the jury." *Id.* at 120, 340 S.E.2d at 470 (citations omitted). "The distinction between a weapon which is deadly or dangerous *per se* and one which may or may not be deadly or dangerous depending upon the circumstances is not one that lends itself to mechanical definition." *Id.* at 121, 340 S.E.2d at 471. "Nevertheless, the evidence in each case determines whether a certain kind of [weapon] is properly characterized as a lethal device as a matter of law or whether its nature and manner of use merely raises a factual issue about its potential for producing death." *State v. Sturdivant*, 304 N.C. 293, 301, 283 S.E.2d 719, 726 (1981) (citations omitted). Depending on the evidence in each case, our appellate courts have held that a trial court did not err by instructing the jury that a knife was, *per se*, a dangerous weapon. *See Torain*, 316 N.C. at 115-16, 340 S.E.2d at 467-68 (reviewing for plain error, but concluding "the challenged instruction . . . did not constitute error at all," when the trial court instructed the jury that "a utility knife is a dangerous or deadly weapon," upon evidence that the defendant used a utility knife during the perpetration of a first-degree rape to cut the clothes off of the victim). However, as a general rule, our appellate courts

have held that a knife is not always a dangerous weapon *per se*; instead, the circumstances of the case are determinative. *See State v. Smallwood*, 78 N.C. App. 365, 368, 337 S.E.2d 143, 144-45 (1985).

Defendant did not object to the instruction at issue;[1] therefore, we must review for plain error. "In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4); *see also State v. Goss*, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007), *cert. denied*, 555 U.S. 835, 172 L. Ed. 2d 58 (2008). Plain error arises when the error is "'so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]'" *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d. 513 (1982)). "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a

---

[1] Defendant did, however, request an instruction on common law robbery – a request which the trial court granted.

different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).

In this case, assuming *arguendo* the trial court erred by instructing the jury that the knife was, *per se*, a dangerous weapon, we believe the trial court did not commit plain error. Specifically, Defendant has not shown that the "jury probably would have reached a different result[,]" *Jordan*, 333 N.C. at 440, 426 S.E.2d at 697, had the trial court allowed the jury to determine whether the knife was a dangerous weapon. Rather, although Mr. Rich's description of the knife was brief, and left open the possibility that something other than a knife reflected light from Defendant's hand, the testimony was not contradicted. Defendant produced no evidence at trial tending to show that he did *not* have a knife; in fact, Defendant did not present any evidence at all. Mr. Rich also testified that, after he saw the shimmer of a blade during the robbery, he was "scared" of "getting hurt, or . . . los[ing] [his] life." We believe the evidence in this case was such that the trial court's instruction – that the knife in this case was, *per se*, a dangerous weapon – did not constitute plain error. *See State v. Allen*, 317 N.C. 119, 124, 343 S.E.2d 893, 897 (1986) (stating that "[w]hen a robbery is committed with what appeared to the

victim to be a . . . dangerous weapon capable of endangering or threatening the life of the victim and there is no evidence to the contrary, there is a mandatory presumption that the weapon was as it appeared to the victim to be").

NO ERROR.

Judge BRYANT and Judge STEPHENS concur.

Report per Rule 30(e).